Reniff *v.* The Cynthia.

Respondent moves to dismiss the appeal on the ground that this Court has no jurisdiction, the sureties on the undertaking on appeal not having justified before a proper officer after exception taken.

*McConnell & Garber* and *John Anderson,* for the Motion.

*J. J. Caldwell* and *J. H. Gass,* Contra.

———

## RENIFF *v.* THE " CYNTHIA."

WHERE, in suit for damages for collision between plaintiff's vessel, the " Gipsy," and defendant, the complaint, verified, averred that plaintiff had been damaged in the sum of $1,500, and the answer denied plaintiff's ownership of the " Gipsy," or that defendant was in fault, or that "the plaintiff was damaged by reason of such collision in the sum of $1,500;" and after evidence on both sides as to the damages, the jury found for plaintiff six hundred dollars, and then, on motion of plaintiff, the Court entered judgment in his favor for $1,490: *Held,* that the Court erred in entering judgment *non obstante veredicto* after plaintiff had gone into proof as to damages, and the jury had returned a verdict upon the facts; that going into proof, etc., might well have induced defendant not to move to amend his answer, which motion the Court would probably have granted, and hence defendant might have been taken by surprise.

The Court below allowed to enter judgment for plaintiff on the return of the case for the amount of the verdict, if plaintiff so desires; otherwise to retry the cause.

Appellant here made to pay costs, although the judgment is reversed.

APPEAL from the Sixth District.

Suit to recover $1,500 for damages arising from a collision between a steam vessel owned by plaintiff, called the " Gipsy," and the sloop " Cynthia."

Defendant denied that plaintiff was the owner of the " Gipsy," that he " was damaged by reason of such collision in the sum of $1,500," or that the damage was occasioned by any fault or negligence of defendant, and set up affirmatively a custom of the Sacramento river as between steam vessels and sailing vessels.

After evidence on both sides as to the circumstances of the collision and the amount of damages, the jury found for plaintiff, and assessed his damages at six hundred dollars.

Subsequently, plaintiff moved for judgment, on the pleadings, *non obstante veredicto*, for $1,490, contending that the denial in the answer admitted damages in any sum less than $1,500. Motion granted, and judgment entered in favor of plaintiff for $1,490. Defendant appeals.

*Hereford & Long*, for Appellant, contended that the motion for judgment on the pleadings, after verdict, came too late, citing Voorhies' N. Y. Code, ed. 1859, 206, note *a;* 3 E. D. Smith, 13 ; 25 Barb. 505.

*E. B. Crocker*, for Respondent, argued that the denial was insufficient, and that hence the judgment must be according to the pleadings *non obstante veredicto ;* citing, on the latter point, Voorhies' Code, 251 ; 24 Miss. 134 ; 5 Sandf. 217 ; 13 Cal. 369 ; 5 Id. 167.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

We see no error in the record except this, that it was irregular to enter up a judgment *non obstante veredicto* after the plaintiff had gone into proof as to damages, and the jury had returned a verdict upon the facts introduced in evidence. The effect of this might well have been to take the defendant by surprise, and induce him to refrain from moving to amend his answer in the partial traverse which he made of the amount of damages ; which amendment the

Court had power to grant, and probably would have granted with or without terms, in advancement of justice.   For this reason the judgment is reversed, and the Court below may, if the plaintiff desire it, enter judgment on the verdict.   If not, the cause can be retried.   Costs to be paid by the appellant.