[No. 2,707.]

EMELINE WOODS v. GEORGE E. WHITNEY AND AMOS WOODS.

BARGAIN AND SALE DEED TO MARRIED WOMAN MAY BE SHOWN TO BE GIFT.—If a husband, who is free from debt, purchase property with community funds and direct the conveyance to be made to his wife, with intent to make it her separate estate, the deed will take effect as a gift; and if the conveyance be on its face an ordinary deed of grant, bargain, and sale, reciting a valuable consideration, it is competent to show by parol the real facts, in order to rebut the presumption that it is common property.

FINDINGS—CONFLICT OF EVIDENCE.—A finding will not be disturbed as not justified by the evidence, if there be a substantial conflict in the evidence.

GIFT FROM HUSBAND TÓ WIFE—EVIDENCE OF INTENTION.—Where the point in issue in a case was whether a deed, directed by a husband to be made to his wife, inured as a gift to her or not: held, that it was for the Court to decide upon the husband's intentions from his acts and conduct at the time; and that a question to him, as to what his intentions had been, was properly excluded as immaterial.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

This was an action to set aside a deed made by the defendant Woods, the husband of the plaintiff, to the defendant Whitney. The property mentioned is a lot of ground, with improvements, in San Francisco. It was purchased for nine hundred dollars of one L. W. Fisher, in June, 1853, and at the instance of the husband the deed was made directly to the plaintiff. It was in terms a bargain and sale deed, reciting the consideration paid.

The Court found that the money so paid was community

property, but that the husband gave the property so pur-chased to his wife, and directed the conveyance to be made so as to consummate and perfect the gift and vest·the title in her as her sole and separate estate. It further appeared that the husband, in January, 1867, made the deed com-plained of to the defendant Whitney, but the Court found that Whitney had full notice and knowledge of all the facts.

In the course of the trial, which was before the Court, the defendant Woods being under examination, counsel for de-fendants propounded to him the following question: "At the time of the execution and delivery of the deed from Fisher to Mrs. Woods, was it or not your intention by that deed to vest the title of that property in her as a gift in fee?" Counsel for plaintiff objected to the question on the grounds of immateriality, irrelevancy, and incompetency. The ob-jection was sustained on the ground that it was for the Court to judge from the facts and not from the statement of the witness what he intended. Defendants excepted. Counsel for defendants then asked: "Did you in fact, at that time or any subsequent time, give that property to Mrs. Woods?" Objected to on the same grounds as above. Objection sus-tained on the ground that it was a question of law. Defend-ants excepted.

There having been a judgment for plaintiff, and a motion for new trial overruled, defendant Whitney appealed.

*George E. Whitney,* for Appellant.

Parol testimony will be admitted to vary the legal effect of a deed to a married woman only in cases which arise between the parties to such deeds, their privies in blood, and purchasers without value or with notice, and the only inquiries devolving upon a person dealing with the husband in relation to property prima facie belonging to the commu-nity, are as to the coverture, and whether the purchase money was community property, or the separate property

of the wife.   (See *Ramsdell* v. *Fuller,* 28 Cal. 37; *Peck* v. *Brummagim,* 31 Cal. 441; *Ingersoll* v. *Truebody,* 40 Cal. 603; *Cook* v. *Bremond,* 27 Tex. 457; *Pixley* v. *Huggins,* 15 Cal. 131; *Meyer* v. *Kinzer,* 12 Cal. 254; *McDonald* v. *Badger,* 23 Cal. 398; *Smith* v. *Smith,* 12 Cal. 216; *Kohner* v. *Ashenauer,* 17 Cal. 580.)

There is no solid distinction between admitting parol testimony to vary the legal effect of a deed for property standing in the name of one spouse, which does not equally apply to the other.   While, on the one hand, there can be no hardship in requiring a husband who would make a gift to his wife to evidence that intention to the world by his solemn deed, on the other hand, the adoption of such a rule would go far to close that door to fraud and perjury, which the Court pointed out in *Meyer* v. *Kinzer,* 12 Cal. 254.   (See, also, *Higgins* v. *Johnson's Heirs,* 20 Tex. 389; *Peck* v. *Brummagim,* 31 Cal. 441.)

*H. E. Highton,* for Respondent.

It was early and repeatedly held in this State that a grant, bargain, and sale deed made to the wife during coverture raised the presumption that the property was common, and might be conveyed by the husband alone.   (*Meyer* v. *Kinzer,* 12 Cal. 253; *Pixley* v. *Huggins,* 15 Cal. 131; *Hart* v. *Robinson,* 21 Cal. 348; *Tustin* v. *Faught,* 23 Cal. 241; *Landers* v. *Bolton,* 26 Cal. 420.)   In none of these cases, except the last, was anything said as to the inconclusiveness of the presumption; and, in one case, Mr. Justice FIELD intimated a doubt whether a husband could make to his wife a gift of common property.   (*Kohner* v. *Ashenauer,* 17 Cal. 582.)   But it was subsequently decided, after full argument and mature deliberation, that the presumption was only prima facie, and might be overcome by proof that the property was in fact purchased with the separate funds of the wife.   (*Ramsdell* v. *Fuller,* 28 Cal. 42, 43.)   And ultimately, carrying the

doctrine of this case to its logical conclusion, this Court determined that the consideration of a deed was always a proper object of judicial investigation; that a husband might give common property to his wife; and that, where he purchased real estate and directed it to be conveyed to his wife as a gift, although the form of conveyance were that of grant, bargain, and sale, the title passed, and the property became separate. (*Peck* v. *Brummagim*, 31 Cal. 441; *Dow* v. *Gould & Curry S. M. Co.* 31 Cal. 653.) The last cases cited have been affirmed by the present Bench. (*Ingersoll et als.* v. *Truebody*, 40 Cal. 603.)

By the Court, CROCKETT, J.:

It is impossible to distinguish this case, in principle, from *Peck* v. *Brummagim*, 31 Cal. 441, since reaffirmed in *Dow* v. *Gould & Curry S. M. Co.* id. 653, and *Ingersoll* v. *Truebody*, 40 Cal. 603. In *Peck* v. *Brummagim* it was distinctly decided, after full argument, that it is competent for a husband, who is free from debt, to convey the common property, by way of gift, to his wife; and that if he purchase property which is paid for out of the funds of the community, and direct the conveyance to be made to the wife, with the intent that the property shall thereby become the separate estate of the wife, the deed will take effect as a gift, and vest a separate estate in the wife. And further, that if the conveyance be on its face an ordinary deed of grant, bargain, and sale, reciting a valuable consideration, it is competent to show by parol the real facts of the transaction, in order to rebut the presumption that it is common property.

The case at bar seems to be precisely of this character; and, as between the husband and wife, it was clearly competent for the latter to show, by parol, the facts of the trans-

CAL. REPS. XLII—46

action, and that the conveyance was intended to and did take effect as a gift. It is unnecessary to decide whether the defendant Whitney would have acquired a valid title if he had purchased from the husband in good faith, for a valuable consideration, without notice of the rights of the wife.

The Court finds that he purchased with full notice, and we cannot disturb the finding on the ground that it was not justified by the evidence. Viewing the evidence in a light most favorable to the defendant, the most that can be affirmed of it is that there was a substantial conflict in it. If the actual possession of the plaintiff, under a claim of title coupled with the collection of rents, and the exercise of other acts of dominion, was not constructive notice of her rights, there certainly was *some* evidence tending to show actual notice.

There was no error in excluding the questions propounded by the defendant to the witness Amos Woods, in respect to his intentions at the time of the execution of the deed of the plaintiff. It was for the Court to decide upon his intentions from his acts and conduct at the time. His secret, undisclosed intentions would be unavailing as against his acts and declarations at the time of the transaction.

Judgment affirmed.