[No. 15814.   Department One.—February 13, 1895.]

# F. A. HIHN COMPANY, Respondent, *v.* WILLIAM FLECKNER, Appellant.

Ejectment—Title and Possession—Admissions in Answer—Absence of Evidence—Conclusion of Law.—Where a complaint in ejectment alleges that the plaintiff is seised in fee simple of the demanded premises, and that the defendant is in the unlawful and wrongful possession thereof, and wrongfully withholds the possession from the plaintiff, upon an answer not denying the seisin of the plaintiff or the possession by himself, but merely denying that his possession and withholding is wrongful or unlawful, the conclusion of law follows that the plaintiff is entitled to the possession of the land.

Id.—Right of Possession—Affirmative Defense.—A defendant claiming the right to retain possession as against the owner of land must establish such right as matter of affirmative defense.

Id.—Omission of Finding—Character of Possession—Failure of Evidence.—Where the record shows that the defendant did not offer any evidence at the trial to show the rightfulness of his possession the failure of the court to make a finding as to whether his possession was rightful or wrongful does not constitute error.

Id.—Admission as to Rents and Profits—Computation of Damages.—Where the complaint alleges the annual value of the rents and profits of the land, and no issue is taken upon the allegations, the damage to the plaintiff is properly determined by a computation of the value alleged during the period of the withholding of the land by the defendant, down to the time of rendering judgment.

Id.—Denial of Damages—Legal Conclusion.—The denial in the answer that plaintiff had been damaged, without a denial of the alleged value of the rents and profits of the land, raises no issue of fact, and is only the denial of a legal conclusion.

Appeal from an order of the Superior Court of Santa Cruz County denying a new trial.

The facts are stated in the opinion of the court.

*J. H. Skirm,* and *Z. N. Goldsby,* for Appellant.

The court erred in failing to find whether or not the defendant's possession was unlawful and wrongful, as the issue was material. (*Traverso* v. *Tate,* 82 Cal. 170.) In ejectment the plaintiff must show that he was entitled to the possession of the demanded premises at the time he commenced his action. (*Hestres* v. *Brennan,* 37 Cal. 385; *Sacramento Savings Bank* v. *Hynes,* 50 Cal. 195;

*Sauer* v. *Meyer,* 87 Cal. 36.) In this case there is no evidence as to plaintiff's right of possession, nor as to the defendant's possession being unlawful or wrongful; the plaintiff's judgment is not supported by any evidence whatever, and may as well have been taken upon the pleadings without any evidence. (*Chester* v. *Field,* 87 Cal. 422; *Russell* v. *McDowell,* 83 Cal. 70; *Smith* v. *Mohn,* 87 Cal. 489.)

*Charles B. Younger,* for Respondent.

The denials in the answer raised no issue as to defendant's possession of the demanded premises. A denial that defendant is or ever was in the unlawful or wrongful possession of said premises, or that he ever did unlawfully or wrongfully detain or withhold the same, or the possession thereof, etc., tendered no issue for trial. (*Busenius* v. *Coffee,* 14 Cal. 91; *Burke* v. *Table Mountain Water Co.,* 12 Cal. 403; *Feely* v. *Shirley,* 43 Cal. 369; *Fletcher* v. *Mower,* 56 Cal. 422.) Defendant did not deny the allegation that plaintiff is seised in fee simple and is the owner of the demanded premises. The right to the possession follows as a conclusion of law from the seisin, and need not be alleged. (*Payne* v. *Treadwell,* 16 Cal. 220; *Hihn* v. *Mangenberg,* 89 Cal. 268.) There was no necessity for a finding upon a fact admitted by the pleadings, and the failure to find thereon is not ground for a new trial. (*Gruhn* v. *Stanley,* 92 Cal. 86.) Upon an appeal from an order denying a new trial the sufficiency of the findings to support the judgment cannot be considered. (*Coveny* v. *Hale,* 49 Cal. 552; *Brison* v. *Brison,* 90 Cal. 323; *Kirman* v. *Hunnewill,* 93 Cal. 519.) An appeal from an order denying a new trial does not involve any consideration of the correctness of the judgment. (*Bode* v. *Lee,* 102 Cal. 583; *Pierce* v. *Willis,* 103 Cal. 91.) If the question of damages be considered on this appeal it must be held that plaintiff is entitled to damages. Damages may be awarded in a judicial proceeding for detriment resulting after the commencement thereof, or certain to result in the fu-

ture.  (Civ. Code, sec. 3283; *Hicks* v. *Herring*, 17 Cal. 566; *McLennan* v. *Ohmen*, 75 Cal. 558; *Love* v. *Shartzer*, 31 Cal. 487.)

HARRISON, J.—Ejectment.  Appeal from an order denying defendant's motion for a new trial.

1. The complaint alleges that the plaintiff is seised in fee simple of the demanded premises, and that the defendant is in the unlawful and wrongful possession thereof, and wrongfully withholds the possession from the plaintiff.  The defendant does not deny the seisin of the plaintiff or the possession by himself, but denies that his possession and withholding is wrongful or unlawful.  Upon these admissions the court correctly found as a conclusion of law that the plaintiff is entitled to recover the possession of the land from the defendant.  (*Payne* v. *Treadwell*, 16 Cal. 220.)  If the defendant would claim the right to retain the possession this is an affirmative defense which it was incumbent upon him to establish.  (*Payne* v. *Treadwell*, *supra*.)  As it appears from the record that he did not offer any evidence at the trial, the failure of the court to make a finding upon the character of his possession does not constitute error.  (*Winslow* v. *Gohransen*, 88 Cal. 450.)

2. The allegation in the complaint that the rents and profits of the land are of the value of thirty-six dollars per year is not denied.  The action was commenced September 1, 1893, and the court rendered its judgment February 3, 1894, awarding the plaintiff fifteen dollars for damages, "estimated by the value of the rents and profits of said land during the detention and withholding from plaintiff by defendant."  As there was no issue upon the value of the rents and profits, the damage to the plaintiff was determined by a computation of this value during the withholding of the land by the defendant.  The denial in the answer that the plaintiff had been damaged by such withholding made no issue of fact, in view of the admission regarding the value of the rents and profits, and was only the denial of a legal

conclusion. The complaint does not allege that the defendant had been in possession for any length of time prior to the commencement of the action, but the court was authorized to include in its judgment for damages the value of the rents and profits from the commencement of the action down to the time of rendering judgment. (*Love* v. *Shartzer*, 31 Cal. 487.)

The order is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.