[Civ. No. 642. Second Appellate District.—March 23, 1909.]

JONAS S. KILLIAN, Appellant, v. JONAS E. KILLIAN, ERNEST W. KILLIAN, HOWARD S. KILLIAN, OLIVER C. KILLIAN, and JONAS E. KILLIAN, as Administrator, etc., of Estate of LUCY W. KILLIAN Deceased, Respondents.

ACTION BY HUSBAND TO DETERMINE TITLE TO COMMUNITY PROPERTY—TITLE TAKEN IN NAME OF DECEASED WIFE—CODE PRESUMPTION NEGATIVED—PLEADINGS—EVIDENCE—ERROR OF COURT.—In an action by a husband to determine that property taken in the name of the wife, after the amendment to section 164 of the Civil Code, was community property, to which he was entitled as against the heirs of his deceased wife, an averment in the complaint that the wife took the title thereto as community property of herself and her husband, and that it was thereafter continuously held and used as such, is sufficient, if proved upon issue joined, to overcome the presumption of separate property in the wife; and the court erred in failing to find upon such issue, and in striking out evidence for the plaintiff tending to prove it, and to controvert the presumption that she took it as separate property, on the ground that such evidence was incompetent, in the absence of any attack for fraud, undue influence or mistake.

ID.—CONSTRUCTION OF CODE AMENDMENT—PRESUMPTION OF SEPARATE PROPERTY NOT CONCLUSIVE—BURDEN OF PROOF.—Section 164 of the Civil Code as amended in 1889, providing that "when any property is conveyed to a married woman, the presumption is that the title is thereby vested in her as her separate property," is not designed to make such presumption conclusive against the husband, but merely establishes a rule of evidence, fixing the *onus probandi* when the question of true ownership is in litigation.

ID.—AMENDMENT NOT IN CONFLICT WITH PRECEDING SECTIONS—NATURE OF COMMUNITY PROPERTY NOT CHANGED.—There is no conflict between the amendment and preceding sections which provide, excluding property acquired before marriage, that all property acquired during coverture is community property, unless it is acquired by gift, bequest, descent or devise. Aside from shifting the burden of proof, the amendment effects no change as to what constitutes community property, or the manner of ascertaining its character.

ID.—PRESUMPTION OF GIFT OF COMMUNITY PROPERTY TO WIFE—BURDEN UPON HUSBAND.—Since community property may be the subject of gift from the husband to the wife, when it is deeded to her, the law, in the absence of any evidence touching the question of gift, re-

gards it as her separate estate, notwithstanding it was paid for with community funds. The wife is not required to prove that it was a gift; but it devolves upon the husband to overcome the presumption by showing that it was not a gift.

ID.—ADMISSIBILITY OF EVIDENCE TO SHOW COMMUNITY PROPERTY.—Since the community property may be vested in either spouse, and its true character is to be ascertained by the nature of the transaction, without reference to which party retains the title, evidence tending to establish any facts which will overcome the presumption that the wife holds it as her separate property and showing that the true character of the holding is as community property is admissible, not on the ground of actual or constructive fraud, or otherwise, but solely upon the principle that it is immaterial which of them holds the common property.

ID.—EXTENT OF PROOF REQUIRED TO EXCLUDE GIFT.—In order to prove that the husband did not give the community property to the wife, it is not sufficient to show an undisclosed intention on his part, but his intention is to be determined from his acts, declarations and conduct at the time.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, for Appellant.

Walter G. Van Pelt, for Respondents.

SHAW, J.—Plaintiff is the surviving husband of Lucy W. Killian and defendants are the children of the marriage, the eldest son being the administrator of the estate of his deceased mother. Two of said defendants, Howard S. and Oliver C. Killian, are minors and appear by their duly appointed guardian *ad litem.* In form the action is one to quiet title to real estate, the purpose thereof being to have three certain tracts of land the title to which, at the time of her death, stood of record in the name of Lucy W. Killian, adjudged and declared community property of plaintiff and his deceased wife, and that as such it passed to him as surviving husband of deceased.

The case as tried was upon the issue joined by the allegations of the complaint and answer thereto of the minor chil-

dren, the two adult sons by their answer, in effect, admitting
the allegations of the complaint. Judgment went for defend-
ants, from which, and an order denying his motion for a new
trial, plaintiff prosecutes this appeal.

The complaint contains a description of the property and
alleges: "That said several tracts of property hereinbefore
described were, for the convenience and accommodation of
said plaintiff and said deceased, during their said married
life conveyed to said Lucy W. Killian as grantee, and all of
said property has ever since said conveyance stood of record
in the name of said Lucy W. Killian. That said Lucy W.
Killian took and received said deeds to said property and
took and received the title to said property as community
property of herself and her said husband, and said property
and the title thereto has at all times since the making of
each and all of said deeds been and still is the community
property of this plaintiff and said deceased, and that by
reason of the death of his said wife the entire title of all of
said property so being in her and standing in her name at
the time of the death of his said wife passed upon her death
to said surviving husband, this plaintiff." In answering this
paragraph of the complaint said minor defendants, by their
guardian *ad litem*, deny "that the title to said real estate
hereinbefore referred to was, for the convenience and ac-
commodation of said plaintiff and said Lucy W. Killian, de-
ceased, during their said married life, taken in the name of
said Lucy W. Killian as grantee; deny that said Lucy W.
Killian took and received the title to said property as com-
munity property of herself and her husband; deny that said
property and the title thereto has been, at all times since
the making of each and all of said deeds, or still is, the com-
munity property of said plaintiff and said Lucy W. Killian,
deceased, or that by reason of the death of the said Lucy W.
Killian all of the said property standing in her name at the
time of her death passed to her surviving husband, this plain-
tiff."

The court found that plaintiff and deceased intermarried
November 29, 1881, and from that date to the death of de-
ceased, which occurred in February, 1908, continued to be
husband and wife; that all of the property was acquired sub-
sequent to 1897, and that the consideration for the purchase

thereof was paid out of the community funds and property belonging to plaintiff and his said wife; that at the time of the purchase plaintiff and said deceased entered into the possession of each of the tracts so acquired, and up to the time of the latter's death continued in possession thereof, during all of which time plaintiff farmed the lands and out of the proceeds of such farming operations supported his family, gave to his children (defendants herein) extended educational advantage, sold the crops and collected, deposited and checked out all of the money derived from said sales, and in all respects made improvements, developed the lands and managed the same precisely as though the title thereto stood in his name. By finding V the court found: "That at the death of said Lucy W. Killian, and for several years prior thereto, all of said above described property stood of record in her name, the said several three tracts having been theretofore deeded to her as grantee at the time of purchase. That said deeds were made to her, not by the plaintiff herein, but by the several owners of said property at the oral request and by the oral direction of said plaintiff, and that the title to said property was taken in her name, not at her instance and request, but at the suggestion and request of plaintiff herein."

As a conclusion of law, the court found that at the time of her death said Lucy W. Killian was the owner of said lands as her sole and separate estate.

Issue was joined upon the allegation that Lucy W. Killian took and received title to the property for the benefit and use of the marital community of herself and plaintiff, and for their mutual convenience and accommodation. This allegation, conceding that such be necessary, is sufficient to negative any presumption of a gift of the property to deceased. The court not only failed to make any finding responsive to such issue, but on motion of defendants struck out all testimony of plaintiff touching any oral agreement or understanding had at the time between him and his wife which controverted the presumption that the property was a gift or tended to prove that Lucy W. Killian agreed to receive and hold the property as the community estate of herself and husband. It is unnecessary to quote the evidence so stricken out; suffice it to say that it tended to controvert the *prima facie* fact that the plaintiff either intended to or did give the prop-

erty to his wife. In so ruling the learned trial judge assigned as grounds therefor his "conclusion that the only instances in which a husband may claim that property which stands in the wife's name, and which was conveyed to her by a third party, belongs to the community are cases where it is made to appear that the property has been conveyed to her without his knowledge or consent or where his consent is the result of fraud, undue influence or mistake." In thus ruling we think the court in error.

. Section 164, Civil Code, as amended in 1889, [Stats. 1889, p. 328], provides that, "whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property." "But this is a mere rule of evidence fixing the *onus probandi* in cases where the question of ownership is in litigation." (*Jackson* v. *Torrence,* 83 Cal. 521, [22 Pac. 695].) There is no conflict between this and the preceding sections of the code which provide, excluding property owned before marriage, that all property acquired by the wife during coverture is community property, unless it be acquired by gift, bequest, descent or devise. The rule, however, is well established that community property may be the subject of a gift from husband to wife; and since it is presumed to be her separate estate, it devolves upon the husband to negative any theory upon which such presumption could be founded. The property having been deeded to the wife, the law, in the absence of any evidence touching the question of the gift thereof, regards it as her separate estate, notwithstanding the consideration therefor was paid out of community funds. (*Alferitz* v. *Arrivillaga,* 143 Cal. 646, [77 Pac. 657].) Under such circumstances, the wife is not required to prove that it was a gift, but it devolves upon the husband to overcome the presumption by showing that it was not a gift.

There is nothing in the cases of *Bekins* v. *Dieterle,* 5 Cal. App. 693, [91 Pac. 173], and *Bollinger* v. *Wright,* 143 Cal. 292, [76 Pac. 1108], cited by appellant, which is in conflict with this view. The question involved in the former case was an alleged fraudulent transfer of property by the husband to the wife for the purpose of defeating the claim of a judgment creditor; hence it bears no analogy to the case at bar.

In the Bollinger case property had, prior to the amendment of section 164, been purchased with community funds and deeded to the wife, and as to the character of which there was no question. Subsequent to the amendment of section 164 it was sold and a part of the proceeds used in the purchase of another piece of property upon which Bollinger and his wife gave a mortgage to secure a loan with which to pay the balance of the purchase price. The deed to the property so purchased was taken in the name of Bollinger and his wife jointly. Upon the death of the wife, the husband brought suit against the administrator to quiet his title, claiming the whole of said property. Discussing the effect of the code upon the conveyance to the wife, the court said: "This at most only created a presumption that the deceased took the part conveyed to her as tenant in common with her husband. The presumption is not conclusive, and was not intended to control or overthrow direct evidence. Here the evidence overthrows the presumption. . . ." While not stated in the opinion, reference to the record discloses facts showing that Bollinger did not give the property to his wife. It was the fact that the property was bought with community funds, together with the facts showing that it was not the subject of a gift, which overthrew the presumption.

Since by reason of the conveyance of the property to Lucy W. Killian it is presumed, under section 164, to be her separate estate, the law, in the absence of any evidence to the contrary, likewise presumes the existence of any fact showing the property to have been acquired by her in such manner as to constitute it separate property. The court finds that it was purchased with community funds, but notwithstanding this fact it may have been a gift from the husband to the wife. There is an absence of anything which could be construed as a finding upon the subject of the property being a gift. It is alleged in the complaint that plaintiff is the owner of the property, and since his ownership depended, not upon whether it had been purchased with community funds, but upon the question as to whether or not he had given it to his wife, the court should have made a finding responsive to the allegation, which, in our judgment, as stated above, sufficiently negatives the idea of a gift thereof. If the property was not the subject of a gift from plaintiff to deceased, then,

as the consideration therefor was community funds, it follows as a conclusion of law that plaintiff upon the death of his wife became entitled thereto as owner. The position of respondents, as sustained by the trial court, is that the transaction whereby the property was conveyed is, in the absence of an attack for fraud, duress, etc., conclusively presumed or deemed to be a gift. We cannot agree with this contention. (*Parker* v. *Chance*, 11 Tex. 513.) The effect of the amendment, where litigation ensues over the ownership of property the title to which is vested in the wife by deed, is to shift the burden of proof. As said in the case of *Nilson* v. *Sarment*, 153 Cal. 524, [96 Pac. 315], the "presumption is just the opposite" of what it was prior to the amendment of section 164. As the community estate may be vested in either spouse (*Vassault* v. *Austin*, 36 Cal. 691), and as its true character is to be determined from the nature of the transaction without reference to who retains the title (*In re Estate of Young*, 123 Cal. 337, [55 Pac. 1011]; *Bollinger* v. *Wright*, 143 Cal. 292, [76 Pac. 1108]; *Santa Cruz Rock Pav. Co.* v. *Lyons* (Cal.), 43 Pac. 599), it follows that evidence tending to establish any facts controverting the presumption and showing the true character of the holding is admissible. The manner of its acquisition, not in whom the legal title is vested, other than in so far as it may under section 164 constitute *prima facie* evidence of the fact, determines the character of the estate; hence, any competent evidence touching the manner whereby the property was acquired is admissible. Nor is such evidence admissible upon the ground of fraud, constructive or otherwise, but upon the principle that so far as the rights of either spouse therein is concerned it is immaterial which of them holds the common property. Unless rights of an innocent purchaser for value have attached, its character when questioned must be determined by any competent evidence, oral or otherwise, which tends to disclose the manner of its acquisition. (Civ. Code, secs. 162, 163, 164.) If acquired during coverture by purchase and conveyed to the wife by a third party at the request of the husband, who claims it as community property, he must, in order to justify his claim, prove that he did not give it to his wife. An undisclosed intention on the part of the husband will not constitute such proof. It is for the court to decide upon his

intention from his acts, declarations and conduct at the time. (*Woods* v. *Whitney*, 42 Cal. 358; *Allen v. Southern etc. Co.*, 70 Fed. 375.) In our judgment, the legislature never intended by the amendment of section 164 to abridge the right of either spouse to hold the community property. To hold that because the property paid for with community funds was at the request of plaintiff deeded to the wife it must, in the absence of attack for fraud, etc., be deemed the separate estate of the wife, is to construe the section as raising a conclusive presumption against the husband. It will not bear such interpretation.

We are, therefore, of the opinion that, aside from shifting the burden of proof, the amendment to section 164 effects no change either as to what constitutes common property or in the manner of ascertaining its character.

The judgment and order are reversed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 18, 1909.