[L. A. No. 2226. In Bank.—July 7, 1909.]

ALBERTA GERVAISE, as Executrix of the Will of Lillian Mae Book, Deceased, (Substituted as Plaintiff for Lillian Mae Book), Appellant, v. GEORGE W. BROOKINS, Respondent.

EJECTMENT—ALLEGATION OF VALUE OF RENTS AND PROFITS—TRIAL ON THEORY THAT ALLEGATION WAS DENIED—FINDING ON ISSUE —APPEAL FROM JUDGMENT.—Where the complaint in an action of ejectment alleges that the value of the rents and profits of the land was a certain sum per day, and the answer, while not technically denying such allegation, does deny the allegation of the damage suffered by the plaintiff, a finding that the rents and profits were worth only a specified sum per month, much less than the amount alleged, implies that evidence was given upon that subject as if it were a fact in issue, and that such evidence was sufficient to support the findings. It thus appearing that the case was tried upon the theory that the answer put in issue the value of the rents and profits, the plaintiff cannot urge the contrary on appeal from the judgment.

ID.—FINDING ON FACT SUFFICIENT SHOWING OF ISSUE RAISED.—The presence in the record of a finding of a fact which the appellant claims was not in issue, is a sufficient showing that the action was tried upon the theory that the fact was in issue.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

W. C. Batcheller, for Appellant.

Edwin A. Meserve, for Respondent.

SHAW, J.—This action was brought to recover the possession of certain real property situated in Los Angeles County, together with damages for its withholding. Judgment was given in favor of the plaintiff, awarding to her the possession of the land, together with ten dollars damages.

The plaintiff has appealed from so much of the judgment as awards to her the sum of ten dollars damages, her contention being that she was entitled to a greater amount.

The sole contention of this appellant is that the finding of the court that she had been damaged, by the withholding of the possession of the premises in the sum of ten dollars, is in conflict with the facts admitted by the pleadings, and that on those admitted facts, she was entitled to judgment for the sum of ten dollars per day from the filing of the complaint to the rendition of the judgment.

The complaint alleged "that the value of the rents and profits of said land and premises is the sum of ten dollars per day and that by reason of the unlawful withholding of the same by the defendant as aforesaid plaintiff has been deprived of said rents and profits since the 16th day of April, 1904, and by the continuance of defendant's possession thereof will be deprived of the use and occupation of the same to plaintiff's loss and damage in the sum of ten dollars per day so long as such occupation and use by the defendant continues."

The answer as to these allegations is as follows:—

"This defendant denies that he wrongfully or unlawfully withholds the possession of said premises from the plaintiff to plaintiff's injury or damage in the sum of $1,000.00, or in any other sum whatsoever, or at all; and denies that the plaintiff, by reason of the withholding of the premises by this defendant has been deprived of the rents or profits of said property since the 16th day of April, 1904, or at all, and denies that because this defendant withholds the possession of said premises from plaintiff, plaintiff has been damaged in the sum of ten dollars per day for any length of time, or

for any other sum whatsoever, or at all; and this defendant alleges that he at all times since the 15th day of April, 1900, has been and now is, in the lawful and rightful possession of said premises, and in the use and enjoyment thereof."

The defendant here denies that the withholding of possession by him has caused the plaintiff damage "in the sum of ten dollars per day for any length of time, or for any other sum whatsoever, or at all." This denial is a sufficient traverse of the allegation of damages, but it is not, technically, a denial of the allegation of the value of the rents and profits, which constitutes the measure of that damage. There was a finding that the rents and profits were worth only twenty dollars a month. This implies that evidence was given upon that subject as if it were a fact in issue and that this evidence was sufficient to support the finding. From this and other parts of the record we think it appears with reasonable certainty that upon the trial the answer was regarded as a good denial of all the averments of the complaint on the subject of rents and profits, and that the case was tried upon the theory that the answer put in issue the value thereof. This being so, the plaintiff will not be allowed to raise the point on appeal. "It is well settled that where the parties have proceeded to trial upon a pleading, without objection to its sufficiency to raise a particular issue, and evidence has been received of the fact, and the issue found upon, the party whose duty it was to object will not be heard in this court to say that the finding is not within the issues." (*Illinois T. & S. Bank* v. *Pacific Ry. Co.*, 115 Cal. 297, [47 Pac. 60].) In that case the presence in the record of a finding of the fact which it was claimed was not in issue, was considered a sufficient showing that the cause was tried upon the theory that the fact was in issue. On the same subject see *Reniff* v. *The "Cynthia,"* 18 Cal. 669; *Davis* v. *Davis*, 26 Cal. 39, [85 Am. Dec. 157]; *King* v. *Davis*, 34 Cal. 106; *Hughes* v. *Wheeler*, 76 Cal. 232, [18 Pac. 386]; *Sukeforth* v. *Lord*, 87 Cal. 403, [25 Pac. 497]; *Willey* v. *Crocker etc. Bank*, 141 Cal. 518, [75 Pac. 106].

In the case of *F. A. Hihn Co.* v. *Fleckner*, 106 Cal. 95, [39 Pac. 214], where the absence of a denial of a similar allegation as to the value of rents and profits was discussed, the point that the plaintiff had waived the admission of the value by going to trial upon the theory that it was in issue was not

raised or considered.   That case is not contrary to the decisions above cited.

The judgment is affirmed.

Sloss, J., Angellotti, J., Melvin, J., Henshaw, J., and Lorigan, J., concurred.