[*Civ. No. 1547. Second Appellate District.—June 8, 1915.*]

## SUSAN T. HOLMES, Appellant, v. GEORGE BETTES HOLMES, Respondent.

HUSBAND AND WIFE—CONVEYANCE OF PROPERTY TO HUSBAND AND WIFE—TENANTS IN COMMON.—Where real property was conveyed to a husband and wife, with the knowledge of the wife, and the title so remained without any protest on the part of the wife for more than two years, when, having abandoned his wife, the husband conveyed an undivided half interest in the property to his son for a valuable consideration, the finding of the trial court that the wife and son were tenants in common of the property, each owning an undivided one-half interest, is sustained by the evidence, notwithstanding the wife claims that she paid the entire purchase price of the property.

ID.—CONVEYANCE TO WIFE—PRESUMPTION OF SEPARATE PROPERTY—WHEN NOT OVERCOME.—Where real property is conveyed to a wife by an instrument in writing it is presumed, under section 164 of the Civil Code, to be her separate property, but this presumption is disputable and may be controverted by any competent evidence tending to overcome it. The fact, however, that the purchase price was community property, standing alone, is not sufficient to overcome the presumption, as community property may be the subject of gift from the husband to the wife, and it will be presumed that, knowing the effect of such transaction, the husband intended, in the absence of any evidence to the contrary, to give the property to his wife.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Shepard & Alm, for Appellant.

Byron C. Hanna, Joseph Musgrove, and Charles W. Lyon, for Respondent.

SHAW, J.—Plaintiff appeals from the judgment, in support of which she presents a bill of exceptions.

The action was brought by plaintiff to obtain a decree against defendant quieting her title to certain real estate consisting of three pieces of property, all situate in Los Angeles County and described, with our designation, as follows:

Parcel 1. Being lot 14, block A, East Ocean Park Villa Tract, as per map recorded in book 6, pages 98 and 99 of maps in the office of the county recorder of Los Angeles County.

Parcel 2. Being lot 9, block 2, Sea Girt Tract, as per map recorded in book 5, page 195 of maps in the office of the county recorder of Los Angeles County.

Parcel 3. Being lot 1, block H, of the Ocean Tract, as per map recorded in book 94, pages 23–93 of miscellaneous records, in the office of the county recorder of Los Angeles County.

The defendant is the son of Francis W. Holmes, deceased, who in his lifetime was the husband of plaintiff. The latter's claim to ownership of the property is based upon the alleged fact that it was all purchased with her separate funds. It conclusively appears that parcel 1 was acquired under a deed dated December 8, 1906, whereby the grantors conveyed the title thereto to plaintiff and her husband, Francis W. Holmes, who, as shown by deed dated January 4, 1909, conveyed his undivided one-half interest therein to his son, the defendant herein. Upon this fact, and other evidence sufficient to justify the same, the court found, as alleged in the answer, that plaintiff and defendant were the owners of said parcel of land as tenants in common, each owning an undivided one-half interest therein.

As to the property described as parcels 2 and 3, the court found that it was community property acquired during the marital relation existing between Francis W. Holmes and plaintiff, and at the time of the former's death, on November 1, 1910, title thereto was vested in plaintiff in trust for the community interest of herself and said husband, and that by his last will and testament, duly admitted to probate, all of the interest of said Francis W. Holmes therein was by him devised to defendant herein. Upon these findings the court rendered judgment to the effect that plaintiff and defendant were each the owner of an undivided one-half interest in and to the property described herein as parcel 1; and that the

property described as parcels 2 and 3 constituted the community estate of plaintiff and her deceased husband, and that, subject to the administration of the estate of said deceased, she was the owner of a one-half interest therein, as to which it was adjudged that her title be quieted against any claims of defendant.

Appellant attacks these findings upon the ground of the insufficiency of the evidence to support the same. As stated, we think the evidence sufficient to support the finding as to the property described as parcel 1. It appears that plaintiff, notwithstanding the fact she claims that she paid the entire consideration in the purchase of the property, knew that title thereto had been conveyed to her husband and herself on December 8, 1906. He held the title so acquired without any protest on her part until January 4, 1909, when, having abandoned his wife, he conveyed the property to defendant for a valuable consideration. This finding being supported by the evidence, it follows that the judgment rendered by the court as to parcel 1 is correct and should be affirmed.

Title to the property described as parcels 2 and 3 was, by an instrument in writing prior to the death of deceased, vested in plaintiff, and by virtue of the provision of section 164 of the Civil Code, is presumed to be her separate estate. This presumption, however, is disputable and may be controverted by any competent evidence tending to overcome it. (*Killian* v. *Killian*, 10 Cal. App. 312, [101 Pac. 806] ; *Fanning* v. *Green*, 156 Cal. 279, [104 Pac. 308].) The record, however, is silent as to any evidence tending in any degree to overcome such presumption, other than the fact that the purchase price thereof was paid from the joint earnings of plaintiff and her husband. Defendant insists that such fact, as to which there was a conflict of evidence, justifies the finding that said real estate was community property. The judgment as to parcels of property designated as 2 and 3 rests upon this finding.

Conceding the purchase made from the joint earnings of the husband and wife, such fact, standing alone and in the absence of any other showing, is not sufficient to rebut the presumption that the property was the separate estate of plaintiff. Community funds may be the subject of a gift from husband to wife (*Fanning* v. *Green*, 156 Cal. 279, [104 Pac. 308] ; *Alferitz* v. *Arrivillaga*, 143 Cal. 646, [77 Pac.

657]) ; and where property deeded to the wife is purchased with community funds a presumption, since it is essential to the theory that the property is, as provided in said section 164, the separate property of the wife, arises that the husband, knowing the effect of such transaction, intended, in the absence of any evidence to the contrary, to give it to the wife. (*Hamilton* v. *Hubbard*, 134 Cal. 603, [65 Pac. 621, 66 Pac. 860] ; *Fanning* v. *Green*, 156 Cal. 279, [104 Pac. 308].)

The judgment in so far as it affects the property described in parcel 1, is affirmed; and in so far as it affects the property described in parcels 2 and 3, the judgment is reversed.

Conrey, P. J., and James, J., concurred.