[S. F. No. 7069. Department Two.—June 8, 1915.]

In the Matter of the Estate of SAMUEL PIERCE BOL-LINGER Deceased. EMMA C. BOLLINGER, Appellant, ELMER T. BOLLINGER, LEE F. BOLLINGER, and ARCHIE C. BOLLINGER, Respondents.

PROBATE LAW—PRESUMPTION OF COMMUNITY PROPERTY—EVIDENCE COUNTERVAILING IT.—The presumption that the property of a married decedent is community property is a disputable one and the uncontradicted testimony of a son of decedent that all of his property at the time of his death was acquired prior to his second marriage, is sufficient to sustain a finding that the property was his separate property.

ID.—OBJECTION TO FORM OF EVIDENCE—MUST BE TAKEN AT TRIAL.—An objection to the form of such testimony, pertinent to the issue,

should have been taken at the trial in order to render the question reviewable on appeal.

ID.—COMMUNITY PROPERTY—CONSTRUCTION OF GENERAL RELEASE—ADMITTED FOR LIMITED PURPOSE.—A contract in the form of a general release executed by the decedent and the widow within one month prior to his death, although not properly to be construed as affecting community property in probate proceedings as opposed to proceedings in divorce, is nevertheless admissible in probate proceedings for the limited purpose of showing that there had been negotiations as to property rights prior to the divorce proceedings, and that in such negotiations, no mention had been made of community property.

ID.—EFFECT OF DECREE OF DIVORCE DETERMINING SAME.—The finding of the probate court that there was no community property is amply supported by the divorce proceedings in which the complaint of decedent alleged that there was no community property, and the answer was a general denial and the court found and the interlocutory decree of divorce, from which no appeal was taken, recited there was no community property.

ACTION OF DIVORCE—PLEADING—FINDINGS.—In an action of divorce an allegation that one spouse took title to property as community property is sufficient upon issue joined, if proved, to support a finding to that effect, and an allegation that there was no community property is sufficient under similar circumstances to support a negative finding on that issue.

ID.—FINDINGS—CONCLUSION OF LAW.—The question of whether a finding of nonexistence of community property is a conclusion of law cannot be raised for the first time in this court by one who did not demur to the complaint, but joined issue on all of its allegations.

APPEAL from a decree of distribution of the Superior Court of Alameda County.    William S. Wells, Judge.

The facts are stated in the opinion of the court.

L. H. Honey, J. G. Reisner, H. W. Brunk, and Wm. O. Minor, for Appellant.

F. I. Lemos, and Philip M. Carey, for Respondents.

MELVIN, J.—Emma C. Bollinger, widow of Samuel Pierce Bollinger, appeals from a decree distributing his estate to his three children by a former marriage, who are the legatees and devisees mentioned in his will.

Appellant contends that the evidence before the probate court was not sufficient to overcome the presumption that all property in the possession of the testator at the time of his death was community property. Conceding that the presumption which appellant invokes does attend the possession of property by either spouse (*Meyer* v. *Kinzer,* 12 Cal. 253, [73 Am. Dec. 538]; *In re Bauer,* 79 Cal. 308, [21 Pac. 759]), such presumption is a disputable one (*Freese* v. *Hibernia Sav. and Loan Society,* 139 Cal. 394, [73 Pac. 172]), and in the present proceeding the proof was clear and ample that Mrs. Bollinger had no community interest in the property of which her husband was possessed at the time of his death.

The court's conclusion that all of the property of the estate was testator's separate property was supported by the testimony of one of his sons, who swore that the real property involved in this dispute was owned by his father prior to the latter's marriage to Emma C. Bollinger. The son also testified that at the time of his father's marriage to Emma C. Bollinger the former was worth eighteen or twenty thousand dollars, with the real estate; that all of this property was acquired by the father of the witness before his marriage; that he did not become insolvent after marriage, and that he kept the property as his own. (At the time of testator's death the estate was valued at $12,670.80.) The testimony of this surviving son was uncontradicted.

To appellant's statement that this evidence was hearsay, containing merely conclusions of the witness, and not the best evidence, respondents reply that no such points were made at the hearing, counsel for appellant contenting themselves with the stock objection that the testimony sought was "incompetent, irrelevant and immaterial." We think this answer is sufficient. The evidence was clearly pertinent to the issue involved, and if objectionable in the form in which it was offered, the ground of objection should have been clearly specified. The mere fact that it was oral did not render it inadmissible. (*Killian* v. *Killian,* 10 Cal. App. 318, [101 Pac. 806].)

There was also introduced at the hearing of the petition for distribution a document regularly acknowledged by Emma C. Bollinger, whereby for valuable considerations she admitted full payment, satisfaction, settlement and adjustment of all claims and demands of every description against Samuel P.

Bollinger. The acquittance also contained this language:
"I do hereby waive and surrender, release and acquit said
Samuel P. Bollinger from any and all claim, demand, obliga-
tion and indebtedness, in the present or future from or on
account of any reason, cause or condition, judgment or
decree, by reason of anything that has happened between us
or rising or growing therefrom, absolutely and uncondition-
ally." This instrument was dated less than a month prior
to the death of Mr. Bollinger. Appellant construes this writ-
ing as a waiver of claims against her husband personally
and not as a disclaimer of all interest in his estate, citing
in this behalf *Jones* v. *Lamont*, 118 Cal. 499, [62 Am. St.
Rep. 251, 50 Pac. 766]. Courts have been unwilling to ex-
tend the scope of releases of this sort in such manner as to
hold them applicable to community property in contests aris-
ing not in actions for divorce, but in probate proceedings,
and if the finding with respect to such property in the pro-
ceeding before us were based upon a construction of the
contract of waiver alone we would probably reverse the judg-
ment. But we need not construe the language of the agree-
ment at all. It was admissible in evidence as a part of the
showing that there had been negotiations with respect to
property rights between Mr. Bollinger and his wife before
the action for divorce was instituted and that in those nego-
tiations there had been no mention of community property.
For this limited and negative purpose the contract was rele-
vant and material.

But if there could be any doubt of the sufficiency of the
evidence heretofore discussed, to support the award of all
the property according to the terms of the will, it would be
dispelled upon inspection of the pleadings, findings, and judg-
ment in the divorce action which were introduced in evidence
at the hearing in the probate court. In his complaint for
divorce Mr. Bollinger alleged that there was no community
property belonging to the parties to the action. The answer
of Mrs. Bollinger was a mere general denial. The court
found and the decree recited that there was no community
property. The testator died in less than three weeks after
the entry of the interlocutory decree. As no evidence that
there had been any appeal from the interlocutory judgment
was offered, we must hold that the property rights had be-
come finally and irrevocably settled upon the expiration of

six months from the entry of the interlocutory decree. (Civ. Code, sec. 131; *Huneke* v. *Huneke,* 12 Cal. App. 199, [107 Pac. 131].) But appellant's counsel say that the allegation that there was "no community property belonging to the parties to this action" was the statement of a mere conclusion of law; that the finding based upon such conclusion of law was of no force; that in the absence of any issue as to property rights the divorce action abated upon the death of plaintiff, and that the property rights must be settled by subsequent proceedings. This contention is without merit. An averment that one spouse took title to property as community property is sufficient upon issue joined, if proved, to support a finding to that effect, and an allegation that there was no community property would, under like circumstances, support a negative finding such as we have in this case. (*Killian* v. *Killian,* 10 Cal. App. 318, [101 Pac. 806].) But even if we concede that the finding of the nonexistence of community property is really a conclusion of law, appellant, who did not demur to the complaint but joined issue on all of the allegations thereof, may not raise the question for the first time in this court.

No other alleged errors require attention.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.