[Civ. No. 3142.   First Appellate District, Division Two.—December 16, 1919.]

## SARAH F. McDUFF, Respondent, v. WILLIAM GILBERT McDUFF, Appellant.

[1] EJECTMENT — CONFLICTING EVIDENCE — FINDINGS—APPEAL.—Where in an action in ejectment the evidence is conflicting, the appellate court is bound by the action of the trial court.

[2] ID.—HUSBAND AND WIFE—CONSTRUCTIVE EVICTION.—In an action in ejectment by the wife against the husband, it is not necessary to support a finding of eviction of the wife by the husband that there should have been evidence of a forcible ouster. If the husband's acts were such as to drive the wife away from her home, it would amount to constructive eviction.

[3] ID.—WAIVER OF FINDINGS—RES JUDICATA.—Where findings in an action for separate maintenance are waived, and the record fails to show upon what ground the judgment in favor of the husband is entered, such judgment will not render the questions involved in a subsequent action in ejectment *res judicata.*

[4] ID.—WHAT DEEMED ADJUDICATED WHERE FINDINGS WAIVED.—In the absence of findings, only those issues which were actually and necessarily included in the judgment, or necessary thereto, are deemed adjudicated.

[5] ID.—GIFT OF COMMUNITY PROPERTY.—Community property may be given by a husband to his wife with like effect as his separate property.

[6] ID.—RIGHT OF WIFE TO SUE HUSBAND—DAMAGES.—A wife may sue her husband to recover possession of property which became part of her separate estate by gift from him and for damages for the withholding thereof by him.

[7] ID.—CODE SECTIONS INEFFECTIVE.—The wife is not prevented from bringing such action in ejectment by reason of the provisions of sections 156 and 157 of the Civil Code, relating to the marital right of the spouses to occupy the family home, where at the time of the commencement of the action the parties are living separate and apart and the house is not the family dwelling place.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Percy Hight for Appellant.

Nathan Newby and Hugh A. McNary for Respondent.

BRITTAIN, J.—The defendant, the husband of the plaintiff, appeals from a judgment in ejectment.

The parties were married in 1885. Their domestic relations were pleasant until 1907, from which time until 1915 there was at least lack of harmony. In the month of May, 1915, the wife left the family dwelling place and later, in the same year, sued for separate maintenance. Judgment in that case was in favor of the husband.

The property involved in this action was purchased in 1909, the first installment of the purchase price, amounting to three hundred dollars, having been made up of one hundred dollars delivered by the husband to the wife and two hundred dollars borrowed by her from her mother. There was a mortgage for the remainder of the purchase price, $3,450, which was subsequently paid by the husband from the proceeds of a sale of his separate property in the state of Kansas. He also paid taxes. The deed to the property was made to the wife alone. The husband asserted that he did not learn the deed was so made until he paid

_____

5. Effect of conveyance of community property by husband to wife, note, 69 L. R. A. 378.

off the mortgage debt in 1913. The wife testified that he saw the deed on the day the deed and mortgage were made. She signed the mortgage first, and she testified that at that time her husband said, " 'Well, that is the first time my name didn't go on the paper first,' he says, 'This time this is yours.' " Another witness testified that during the negotiations for the sale to the husband of other property, in December, 1909, when the wife was not present, the appellant stated that "he had just bought a piece of property and paid three thousand six hundred dollars for it and given it to his wife." The wife further testified that when the mortgage was paid off her husband brought the deed to her, saying, "Now, this is the deed to your place. I have paid every cent of the debt on that for you, and now I am giving it to you for your own. . . . Nobody can ever take your place from you for my debts. If I should make a bad deal you will never lose your home, you will have the deed to your own." The husband denied many of these statements. The judge who tried the case saw the witnesses and heard their testimony. [1] It was clearly conflicting, and in such a case the appellate court is bound by the action of the trial court.

The evidence was similarly conflicting in regard to the question of eviction of the wife by the husband. [2] It is not necessary in such a case to support the finding of eviction that there should have been evidence of a forcible ouster. If the husband's acts were such as to drive the wife away from her home, it would amount to constructive eviction.

[3] It is argued that the judgment in favor of the husband in the maintenance suit rendered the questions involved in this action, and particularly that of eviction, *res judicata*. Findings were waived in the maintenance suit, and the record in that case fails to show upon what ground the judgment was entered. So far as the record in that suit shows, the trial judge may have determined that the plaintiff owned this property, and that, therefore, she had ample means of support without a judgment for maintenance. He may have determined that the plaintiff failed to prove the existence of a cause of action for divorce. [4] In the absence of findings, only those issues which were actually and necessarily included in the judgment, or

necessary thereto, are deemed adjudicated. (Code Civ. Proc., secs. 1908, 1911; *Estate of Li Po Tai,* 108 Cal. 484, [41 Pac. 486]; *Beronio* v. *Ventura etc. Co.,* 129 Cal. 232, [79 Am. St. Rep. 118, 61 Pac. 958]; *Gardella* v. *County of Amador,* 164 Cal. 555–560, [129 Pac. 993]; *Bank of Visalia* v. *Smith,* 146 Cal. 398–402, [81 Pac. 542].)

The appellant argues that the property was community property and not the separate property of the wife, because the initial payment was made from community property. [5] Community property may be given by a husband to his wife with like effect as his separate property. (*Holmes* v. *Holmes,* 27 Cal. App. 546, [150 Pac. 793].) In view of the finding, on conflicting evidence, that there was a gift, it is immaterial whether the gift was from community property or separate property, and the argument addressed to the court on the interpretation and application of section 164 of the Civil Code concerning the presumption arising from the deed having been taken in the name of the wife has no bearing on the case. [6] The property became the separate estate of the wife by the gift, and she had the right to sue her husband to recover possession. (Code Civ. Proc., sec. 370; *Peters* v. *Peters,* 156 Cal. 32, [23 L. R. A. (N. S.) 699, 103 Pac. 219].) Her seisin was the issuable fact. It was determined adversely to the appellant on conflicting evidence. (*Payne* v. *Treadwell,* 16 Cal. 220–243; *Hihn Co.* v. *Fleckner,* 106 Cal. 95, [39 Pac. 214]; *Nathan* v. *Dierssen,* 164 Cal. 607, [130 Pac. 12].) She had the right to recover the specific property with damages for the withholding. (Code Civ. Proc., sec. 427, subd. 2; *Nathan* v. *Dierssen,* 164 Cal. 607–611, [130 Pac. 12].)

[7] The appellant contends the plaintiff could not recover in ejectment because neither the husband nor the wife could be excluded from the dwelling of the other, reliance being placed upon the provisions of sections 156 and 157 of the Civil Code. At the time of the commencement of this action the house was not the family dwelling place. The parties were living separate and apart. The provisions of sections 156 and 157 relate to the marital right of the spouses to occupy the family home. In the first clause of section 157 it is expressly stated "neither husband nor wife has any interest in the property of the other." Under the facts in this case the husband was not asserting his per-

sonal marital right of living in the family home, but was holding possession of the wife's separate property adversely to her as the owner. This question, upon which no authorities are cited on behalf of the appellant, has been determined adversely to his contentions in a number of cases in other states. (*Cook* v. *Cook*, 125 Ala. 583, [82 Am. St. Rep. 264, 27 South. 918] ; *Crater* v. *Crater*, 118 Ind. 521, [10 Am. St. Rep. 161, 21 N. E. 290] ; *Wood* v. *Wood*, 83 N. Y. 576; *Minier* v. *Minier*, 4 Lans. (N. Y.) 421.),

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 13, 1920.

All the Justices concurred.