[No. 12757.    Department Two. — May 8, 1890.]

## ANNIE WALSH, APPELLANT, v. ELIZA WALSH, RESPONDENT.

HUSBAND AND WIFE — SEPARATE PROPERTY — JOINT CONDUCT OF BUSINESS. — Where a husband and wife jointly conducted a grocery business upon a capital of which nine hundred dollars was the separate property of the wife, and only twenty dollars the separate property of the husband, and upon the husband's death the proceeds of the business amounted to less than the amount originally invested by the wife, her original capital is sufficiently traced to keep it impressed with the character of separate property.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*George D. Collins*, for Appellant.

The property in controversy, having been acquired during marriage by purchase and the labor of the spouses, is presumptively community property. (*Meyer* v. *Kinzer*, 12 Cal. 252; 73 Am. Dec. 538; *Moseley* v. *Henry*, 66 Cal. 478; *Smith* v. *Bailey*, 66 Tex. 553.) The burden of proof rests with the claimant of the separate estate. (*Meyer* v.

Kinzer, 12 Cal. 254; 73 Am. Dec. 538; Morgan v. Lones, 78 Cal. 62; In re Bauer, 79 Cal. 308.) Separate property must be clearly and indisputably traced. (Smith v. Smith, 12 Cal. 225; 73 Am. Dec. 533; Smith v. Bailey, 66 Tex. 553.) The dividends (earnings of the business) having been earned by the separate and community property, and it not appearing in what proportion, must be considered as belonging to the community property. (In re Bauer, 79 Cal. 309.) The identity of the original investment being lost, there is nothing but a debt due to the wife, and the goods are not her separate property. The same rule should hold as in cases of trust. (Lathrop v. Bampton, 31 Cal. 23; 89 Am. Dec. 141.)

Sullivan & Sullivan, for Respondent.

The earning, issues, and profits of the wife's money and goods contributed to the grocery business became her separate property. (Civ. Code, sec. 162; George v. Ransom, 15 Cal. 322; 76 Am. Dec. 490; Wilson v. Wilson, 36 Cal. 447; 95 Am. Dec. 194.) The husband cannot by management, supervision, or labor acquire any interest in the separate estate of the wife. (Lewis v. Johns, 24 Cal. 98, 103; 85 Am. Dec. 49; Wilson v. Wilson, supra; Swain v. Duane, 48 Cal. 358.) Money need not be earmarked to be traced. (Moore v. Jones, 63 Cal. 12, 15, 16; Gunter v. Janes, 9 Cal. 660; Lathrop v. Bampton, 31 Cal. 17; 89 Am. Dec. 141.)

McFARLAND, J.—The only question in this case is, whether certain personal property was the separate property of the respondent, or community property of her deceased husband, James Walsh, and herself. The court found that it was respondent's separate property, and appellant appeals from the judgment upon the judgment roll.

Respondent and James Walsh, deceased, intermarried in January, 1882. James Walsh had been carrying on

a grocery business, but at the time of the marriage James was impecunious, and there was only twenty dollars' worth of goods in the store. Respondent had also been conducting a store at another place; and she abandoned her own store and put her stock of goods, amounting in value to five hundred dollars, in the store in which James had been doing business. She also put four hundred dollars in money into the business. Upon this capital the two did business for three or four years, when James died. At the time of his death the stock of goods on hand, together with a little money and effects, the proceeds of the business, amounted to less than nine hundred dollars, the amount originally invested in the business by respondent. James never put any money or goods into the business, except the twenty dollars' worth of goods above mentioned.

As the capital upon which the business was conducted was the separate property of respondent, we think that although, of course, the particular goods were from time to time changed in the course of the business, still there is, under the circumstances, a sufficient tracing of the original capital to keep it impressed with the character of separate property. (*Lewis* v. *Johns,* 24 Cal. 98.)

Judgment affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.