[Civ. No. 1019.  Second Appellate District.—May 27, 1912.]

ANNIE COX OLDERSHAW, Respondent, v. MATTESON & WILLIAMSON MANUFACTURING COMPANY, a Corporation, and J. W. KELLY, Sheriff of the County of Kern, State of California, Appellants.

ACTION AGAINST SHERIFF FOR CONVERSION OF WIFE'S FUND FOR DEBT OF HUSBAND—SUPPORT OF FINDING FOR PLAINTIFF.—In action by a wife for the wrongful conversion of a fund claimed as her separate property, for the debt of the husband, contracted before marriage, the finding of the court in favor of the plaintiff is sufficiently supported by evidence tending to show that the fund converted was the product of a grocery business, purchased with her separate means, inherited from an aunt, and that her husband had no estate of his own, but merely held her general power of attorney to transact busi-

ness for her, and that all dealings by him were upon her account and credit.

ID.—CONFLICTING EVIDENCE—PROVINCE OF TRIAL COURT.—While there may have been evidence and proof of circumstances inconsistent with the testimony of plaintiff and her husband, nevertheless it was for the trial court to weigh and determine the same, and its finding based thereon will not be disturbed. Though, in a case of this nature, a finding that property is the separate estate of the wife should be based upon clear and .convincing evidence, the question as to whether or not the evidence offered is clear and convincing is for the trial court.

ID.—PLAINTIFF NOT ESTOPPED FROM CLAIMING FUND AS AGAINST OLD DEBT OF HUSBAND—SEPARATE PROPERTY NOT TRANSMUTED.—It is held that the record shows no facts which could estop the plaintiff from claiming the fund as her own as against a debt contracted by the husband before the marriage, or tending to show any act on her part whereby she transmuted her separate estate into community property, but that the execution of a general power of attorney to the husband is inconsistent with an intent to transmute her separate estate in such fund into community property.

ID.—PRESUMPTION FROM MARRIED WOMAN ENGAGING IN BUSINESS OVERCOME.—Any presumption as to the character of the property arising from the fact of a married woman engaging in business is held to be overcome by the fact that the business was purchased with the funds and the rents, issues and profits derived from moneys owned by the wife before marriage or acquired afterward by gift or bequest.

ID.—JOINING OF HUSBAND IN CONDUCT OF BUSINESS—ABSENCE OF AGREEMENT FOR INTEREST IN WIFE'S PROPERTY.—Neither the fact that the husband contributed all his time and skill in the conduct of the business owned by the wife nor that he joined his wife in the execution of notes given for money wherewith to make the purchase (assuming that he did), in the absence of any agreement to that effect, gave him any interest in the wife's property.

ID.—EVIDENCE—EXCLUSION OF DEPOSITIONS—ERROR NOT SHOWN IN RECORD NOT REVIEWABLE.—Where depositions were offered in evidence and excluded upon objection, but the depositions are not incorporated in the bill of exceptions, and the record shows no error in the ruling, any alleged error in the ruling cannot be reviewed.

ID.—TESTIMONY OF OFFICIALS OF BANK—CREDIT GIVEN TO PLAINTIFF.—Officials of the bank which made loans to the plaintiff were properly permitted to testify that in making said loans they recognized the plaintiff as the party borrowing the money and extended the credit to her alone. There was no prejudicial error in this ruling, particularly as it was shown that she was the only member of the marital community who possessed any estate.

APPEAL from an order of the Superior Court of Kern County denying a motion for a new trial.  Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Wm. B. Beaizley, Louis Luckel, and J. P. Jones, for Appellants.

W. W. Kaye, and Kaye & Siemon, for Respondent.

SHAW, J.—Appeal from an order denying defendants' motion for a new trial.

By stipulation filed it was agreed by counsel for the respective parties "that no briefs need be printed in the cause, but that the same may be heard and submitted upon the printed briefs filed in the case of *W. H. Esdohr, plaintiff and appellant,* v. *Annie Cox Oldershaw and C. D. Oldershaw, defendant and respondents,* L. A. No. 2979, in the supreme court, . . . and that printed copies of the briefs in said last-mentioned cause may be filed in the above-entitled cause as the briefs of the respective parties." Accordingly, no briefs other than copies of those filed in case No. 2979 in the supreme court have been filed herein. These briefs, however, were not prepared with reference to the record in this case, and while numerous citations are made therein designating folios and pages of the transcript in the case of *Esdohr* v. *Oldershaw,* filed in the supreme court, no copy of that transcript has been filed herein or otherwise presented to this court. These briefs are of little value as an aid to the court in reaching a conclusion upon the questions presented, and our consideration of the appeal, in the absence of the presentation of the points, is necessarily independent and based upon what is disclosed by the transcript.

The complaint alleges that in 1897, and prior to the marriage of plaintiff with C. D. Oldershaw, the defendant Matteson & Williamson Manufacturing Company obtained a judgment against the latter in the superior court of Los Angeles county. In November, 1908, ten years thereafter, said judgment creditor caused an execution to be issued out of said court and placed in the hands of defendant Kelly, sheriff

of Kern county, who, as directed, levied the same upon the sum of $310.10 owned by plaintiff but deposited in the Bank of Bakersfield in the name of C. D. Oldershaw, and which sum, notwithstanding plaintiff's verified claim and demand for the release thereof made to Kelly as sheriff, he collected from the bank and paid to Matteson & Williamson Manufacturing Company, which converted it to its own use; that said sum of $310.10 was the proceeds derived from a grocery business then and for a long time theretofore owned entirely by plaintiff as her separate property, and which she conducted under the name and style of C. D. Oldershaw & Company. The only issue raised by the answer was by a denial of the alleged ownership in plaintiff, defendants claiming that said grocery business, together with the $310.10 so levied upon and converted, was the property of C. D. Oldershaw, the judgment debtor. As to this issue, the court found in favor of plaintiff and gave judgment accordingly.

The chief contention of appellants is that the evidence is insufficient to sustain the finding of the court upon which the judgment was based. Without quoting it at length, it is sufficient to say that the evidence tends to show that the grocery business which produced the $310.10 so converted was purchased by plaintiff with her separate funds, the original source of which was money inherited by plaintiff from an aunt, and which, beginning with 1900, was invested in real estate, plaintiff from time to time selling and reinvesting the proceeds of the same, all of which deals appear to have been successful in yielding her a considerable profit. The grocery business was purchased in 1905 by plaintiff and one Wheadon. Of the purchase price plaintiff paid $1,000, which sum she borrowed from the bank, and a short time thereafter she purchased Wheadon's interest for $880, which was paid by check drawn upon her account in the bank. By writing, she authorized the bank to honor checks drawn upon her account by the husband, and also gave the husband a general power of attorney to transact business for her. Sundry notes in various sums were executed to the bank by plaintiff through her husband as attorney in fact, payment of which was secured by mortgage upon the separate estate of plaintiff, and in all of which transactions the bank recognized plaintiff as the party to whom it extended credit. The direct testimony of

both plaintiff and her husband is that the entire purchase price of the business was paid out of her separate funds, and that he, having no estate of his own, paid no part of the consideration therefor. He farmed her land, superintended the grocery business and conducted all her business affairs without compensation other than the support of himself and family. While there may have been evidence and proof of circumstances inconsistent with the testimony of plaintiff and her husband, nevertheless it was for the trial court to weigh and determine the same, and its finding based thereon will not be disturbed. While in cases of this nature a finding that property is the separate estate of the wife should be based upon clear and convincing evidence, the question as to whether or not the evidence offered is clear and convincing is for the trial court. (*Couts* v. *Winston,* 153 Cal. 686, [96 Pac. 357] ; *Estate of Pepper,* 158 Cal. 619, [31 L. R. A., N. S., 1092, 112 Pac. 62].) Much of the evidence offered on the part of defendants was hearsay, and at most tended to prove that plaintiff permitted C. D. Oldershaw to hold himself out as the owner of the property. The judgment upon which the execution was issued was for an indebtedness contracted by the husband long before his marriage with plaintiff, and the record discloses no facts which constitute an estoppel against plaintiff. Nor is there disclosed any act on the part of plaintiff whereby she transmuted her separate estate into community property; indeed, the execution to him of a general power of attorney is inconsistent with such intent. In our opinion any presumption as to the character of the property arising from the fact of a married woman engaging in business is, in this case, overcome by the fact that it was purchased with funds and the rents, issues and profits (Civ. Code, sec. 162; *Estate of Higgins,* 65 Cal. 407, [4 Pac. 389]) derived from moneys owned by plaintiff before marriage, or acquired afterward by gift or bequest. Neither the fact that the husband contributed all his time and skill in the conduct of the business nor that he joined his wife in the execution of notes given for money wherewith to make the purchase (assuming that he did), in the absence of any agreement to that effect, gave him any interest in the property. (*Walsh* v. *Walsh,* 84 Cal. 101, [23 Pac. 1099] ; *Diefendorff* v. *Hopkins,* 95 Cal. 343, [28 Pac. 265, 30 Pac. 549] ; *Flournoy* v. *Flournoy,* 86 Cal.

286, [21 Am. St. Rep. 39, 34 Pac. 1012]; *Heney* v. *Pesoli,* 109 Cal. 53, [41 Pac. 819]; *Estate of Pepper,* 158 Cal. 619, [31 L. R. A., N. S., 1092, 112 Pac. 62]; *Lewis* v. *Johns,* 24 Cal. 98, [85 Am. Dec. 49]; *Carle* v. *Heller,* 18 Cal. App. 577, [123 Pac. 815].)

Among other errors of law specified is that the court erred in excluding the depositions of C. D. Oldershaw and Annie Cox Oldershaw. It appears that the depositions of these parties were offered in evidence and objection thereto sustained upon the ground that the same were incompetent, irrelevant, immaterial and not proper cross-examination. The depositions, however, are not incorporated in the bill of exceptions, and hence the record contains nothing upon which the alleged erroneous ruling of the court can be reviewed. Officials of the bank which made loans to plaintiff were called as witnesses and permitted to testify that in making said loans they recognized plaintiff as the party borrowing the money and extended the credit to her. We perceive no prejudicial error in the ruling, particularly as it was shown that she was the only member of the marital community who possessed any estate whatsoever.

Our examination of the record discloses no error, and our attention being called to none, the order appealed from is affirmed.

Allen, P. J., and James, J., concurred.