[L. A. No. 2568.   In Bank.—June 28, 1912.]

THEODORE RIMPAU et al., Appellants, v. E. J. BALDWIN et al., Respondents.

QUIETING TITLE—BOUNDARY LINE—ACQUIESCENCE IN LOCATION—ADVERSE POSSESSION—CONFLICT OF EVIDENCE.—In an action to quiet title, involving the determination of the location of a common boundary line, findings in favor of the defendant as to establishment and location of the line on the ground and the subsequent acquiescence of the parties in the line as so established for a long period of years, and also as to the acquisition of a title by adverse possession, will not be disturbed, when the evidence upon such issues is conflicting.

ID.—FINDING UPHOLDING JUDGMENT—EVIDENCE SUFFICIENT TO SUSTAIN.
If there is enough evidence to justify the finding as to one of such issues, the judgment and order refusing a new trial would be affirmed, although it might be insufficient to support the other.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Munson & Barclay, Flint, Gray & Barker, Hunsaker & Britt, and J. W. McKinley, for Appellants.

Bradner W. Lee, and Hatch & Lloyd, for Respondents.

SHAW, J.—The plaintiffs sued to quiet their title to 18.29 acres of land. The defendants in their answer denied plaintiffs' title and alleged that E. J. Baldwin is the owner in fee of the land. The defense of the statute of limitations was also pleaded. As a further defense, the defendants averred facts showing that the dispute concerning the land is in fact a dispute in regard to the location of the boundary line between plaintiffs' land and Baldwin's land adjoining plaintiffs on the south and that more than twenty years before the action was begun said division line was established and located on the ground, by the respective owners, that each party had ever since claimed and occupied up to the line so established, that plaintiffs had ever since acquiesced in the line so established and that according to this location the land in controversy was not claimed by plaintiffs and did not belong to them. The court found in favor of the defendants on all the issues, including a finding that Baldwin had acquired title to the land by adverse possession. Judgment was given accordingly. Baldwin having died his representatives have been substituted as parties.

The plaintiffs have appealed from the judgment and from an order denying their motion for a new trial. It is conceded that the answer states good defenses and that the findings support the judgment. As grounds for reversal the plaintiffs rely solely on the claim that the evidence does not support the findings.

The question presented for determination was the location of the southern boundary line of plaintiffs' land. · They claim that it is, by law and in fact, situated far enough to the south of the location claimed by defendants to include between their side lines the 18.29 acres in controversy. It concerns the location of the common boundary line of the Rancho Las Cienagas, on the north, of which plaintiffs' land is a part, and the Rancho La Cienega O'Paso de la Tijera, on the south, the latter ranch being owned by Baldwin. The most that can be said in favor of the appellants is that the evidence is conflicting upon each issue. If there is enough evidence to justify the finding as to any one of the defenses alleged, the judgment and order would be affirmed, although it might .be insufficient to support some one, or any, of the others. We cannot weigh conflicting evidence and determine according to the preponderance. That function devolves upon the trial court alone. A perusal of the record shows that there is sufficient evidence to sustain each finding. No benefit can be derived from recording here a discussion of it in detail. The appeal cannot be sustained.

The judgment and order are affirmed.

Angellotti, J., Melvin, J., Sloss, J., and Henshaw, J., concurred.

Rehearing denied.