[Civ. No. 1247.  First Appellate District.—June 3, 1913.]

## GEORGE W. HAINES, Appellant, v. C. M. WOOSTER, Respondent.

BROKER—ABANDONMENT OF CONTRACT—ACTION FOR COMMISSIONS—CONFLICTING EVIDENCE.—Where, in an action by a real estate broker to recover his commission, the evidence is conflicting as to whether he had abandoned his contract with the principal at the time the latter himself made the sale, a finding of the trial court upon the issue will not be disturbed on appeal.

ID.—ABANDONMENT OF CONTRACT BY BROKER—SALE BY PRINCIPAL—COMMISSIONS.—When a broker opens negotiations but fails to bring the customer to the owner's terms, and then abandons further negotiations, the owner may subsequently sell the property to the same person without being liable for the payment of a commission to the broker.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

Lucius M. Fall, and J. A. Fairchild, for Appellant.

Frank H. Gould, and Vincent Surr, for Respondent.

KERRIGAN, J.—This is an action to recover commissions, alleged to have been earned by the plaintiff as a broker in selling a certain piece of real property.

Several points are discussed in the briefs. It is necessary, however, for us to pass upon one of them only.

Some time about the middle of the year 1910 the plaintiff, believing that he had a purchaser for the property in question, which was owned by the defendant, sought and obtained from the latter authority to sell the same. Negotiations for the sale were immediately commenced between the parties to this suit and John Wilson. Plaintiff's authorization to find a purchaser for the property was oral only until early in November, when, in answer to a letter from him, defendant sent him a telegram stating that he would allow two and one-half per cent commission on consummation of sale to Wilson. A little more than sixty days after the sending and receipt of this telegram the defendant himself effected a sale of said property to Wilson and another.

After trial the court found all the material issues in favor of the defendant and against plaintiff. This appeal is from the judgment.

The contract between the parties does not limit the time of plaintiff's employment, and plaintiff contends that the transfer of the property having taken place within a little more than sixty days after he was authorized in writing to make the sale, and the sale having occurred within a reasonable time thereafter, he is entitled to a commission of two and one-half on the selling price, having brought the parties together.

Defendant on the other hand claims that the sale, made by himself, was effected after the plaintiff had abandoned his contract of employment; and hence plaintiff is not entitled to a commission.

It is sufficient to say that there is a substantial conflict in the evidence upon this issue, which in fact is admitted by the plaintiff. In view of this conflict, under the familiar rule in this state, we cannot interfere with the conclusion reached upon the point by the trial court. (*Rimpau* v. *Baldwin*, 163 Cal. 225, [124 Pac. 1002] ; *Oldershaw* v. *Matteson etc. Mfg. Co.*, 19 Cal. App. 179, [125 Pac. 263].) True, plaintiff makes a very good argument why the evidence of the defendant should be disbelieved, but this was a matter for the trial court.

It is not disputed, nor can it be, that when a broker opens negotiations but fails to bring the customer to the owner's

terms, and then abandons further negotiations, the owner may subsequently sell the property to the same person without being liable for the payment of a commission to the broker. (*Cone* v. *Keil*, 18 Cal. App. 675, [124 Pac. 548]; *Hill* v. *Mc Coy*, 1 Cal. App. 159, [81 Pac. 1015]; 19 Cyc. 22; *Everett* v. *Farrell*, 11 Ind. App. 185, [38 N. E. 872].)

The judgment is affirmed.

Lennon, P. J., and Hall, J., concurred.