[S. F. No. 7558.   Department One.—October 9, 1917.]

## D. D. TENNYSON, as Trustee, etc., Appellant, v. WILL M. BEGGS, Appellant; CARRIE N. DREISCHMEYER, Intervener, Respondent.

HUSBAND AND WIFE—PROCEEDS OF SALE OF CROP—SEPARATE AND COMMUNITY PROPERTY MINGLED.—Where a prune orchard, which was the separate property of a wife,—adjoined a larger one which was community property of her husband, who managed the entire property and sold the prunes and took the proceeds, consisting of cash to the amount of a little less than one-half the purchase price, and a promissory note for the remainder, which note was taken up the next day by the maker and a new note in exchange therefor issued to the wife, the trustee in bankruptcy of the husband, having thereafter brought suit to recover the proceeds of the note, from one to whom she had indorsed it for collection, she was entitled to intervene and resort to the fund received by her husband for the entire crop and to have a trust therein enforced in her favor to the extent of her share in the crop at the price paid by the purchaser.

ID.—MINGLING OF SEPARATE AND COMMUNITY PROPERTY — ABSENCE OF FRAUD ON CREDITORS.—In the absence of fraud on the creditors, the separate property was not so mingled with the community property in such a case as to become subject to the husband's debts and pass to the trustee in bankruptcy.

ID.—JURISDICTION OF STATE COURT.—A trustee in bankruptcy having sued in a state court to recover a fund as property of the bankrupt, and the bankrupt's wife having intervened, alleging ownership of a part of the same fund, the state court was as competent to determine the question of title as the United States district court, and its jurisdiction to do so was at least equal to and concurrent with that of the latter court.

APPEAL from a judgment of the Superior Court of Santa Clara County.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Louis Oneal, for Plaintiff-appellant.

R. C. McComish, for Defendant-appellant.

S. G. Tompkins, for Intervener-respondent.

SHAW, J.—The plaintiff sued the defendant Beggs to recover the sum of $2,750, alleged to be in his possession and control, belonging to the said Frank L. Dreischmeyer, who had been theretofore adjudged a bankrupt by the United States district court. Carrie N. Dreischmeyer, the wife of Frank, filed a complaint in intervention, alleging that the money in the hands of Beggs belonged to her and was her separate property. Beggs appeared and answered both the complaint and the complaint in intervention. The court made findings to the effect that of the sum of $2,750 which it found was held by Beggs, $1,480.75 belonged to the intervener, less $148.07, which it found was due from the intervener to said Beggs, and that $1,269.25 thereof belonged to said Frank L. Dreischmeyer and should be paid to the plaintiff as trustee in bankruptcy, less the sum of $359.93 due from said bankrupt to Beggs for services previously performed. Judgment was given accordingly.

From this judgment Beggs and the intervener have each appealed. Beggs has made no appearance upon this appeal and has filed no brief. The controversy is between the intervener and the plaintiff.

The facts are as follows: Carrie N. Dreischmeyer was the owner of five and a half acres of land as her separate estate. Her husband owned fifteen acres adjoining, which was community property. The entire tract had been planted in prune trees, which were in full bearing. The husband managed and controlled the entire property. He sold the crop of prunes on both tracts for the year 1912 to one Pavlicevich, for the sum of $5,250, of which he paid two thousand five hundred dollars in cash, giving his note for the remaining $2,750. It is this note which gave rise to the controversy. On June 9, 1913, the husband assigned this note to his wife without consideration, except such as may be inferred from the fact that the prunes from her land were a part of the consideration of the note. The next day Pavlicevich, at the husband's request, took up the latter note and in considera-

tion thereof executed a new one to the wife for the same amount. Soon afterward the wife indorsed and delivered this note for collection to Beggs by the following indorsement: "Pay to W. M. Beggs, or order, without recourse upon or any responsibility to me except for what is my separate property. C. N. Dreischmeyer." Beggs collected the entire sum due upon the note and still retains the same. Upon the trial evidence was given to the effect that the prune crop upon the five and a half acres belonging to the wife was worth as much as one thousand five hundred dollars of the $5,250 for which the entire crop was sold, and also to the effect that the crop upon the five and a half acres was larger proportionally than that upon the fourteen acres belonging to the husband. Upon this the court below concluded that the wife was entitled to resort to the balance of the fund received by her husband for the entire crop, and to have a trust therein declared and enforced in her favor to the extent of her share in the entire prune crop at the price paid by Pavlicevich, to wit, $1,480.75. Thereupon the court awarded to the wife the said sum as her portion of the proceeds of the crop, and the remainder thereof to the plaintiff as trustee in bankruptcy, as the proportion of her husband therein.

The plaintiff contends that by the conduct of the husband and wife, whereby he took control of the entire property and sold it for a lump sum, taking the cash proceeds himself, and a note payable to himself for the remainder, he so mingled the separate property of the wife with the community property that it became community property, subject to payment of his debts, and that it therefore passed to the trustee in bankruptcy. We do not think this contention is well founded. There was no fraud or deceit practiced upon the creditors, so far as it appears, and no reason in equity and justice why the wife should not now have her share of the proceeds of her own property out of the fund in the hands of Beggs, produced by the sale thereof. Under the well-settled rules of equity concerning such matters, the payments made by the husband out of the common fund will be attributed to his share thereof, or it will be presumed that he intended them to come out of his share, and the share of the wife, as beneficiary, will be held to be included in the amount remaining. (*People* v. *California Safe Deposit & Trust Co.,* 175 Cal. 756, [L. R. A. 1918A, 1157, 167 Pac. 388]; *Elizalde*

v. *Elizalde,* 137 Cal. 634, [66 Pac. 369, 70 Pac. 861].)   This doctrine governs the case and the action of the court below is justified by it.

There is no merit in the claim that the court did not properly apportion the fund.   The facts already stated show that the husband's creditors will receive their full share of the proceeds of the property.

It is further urged that the superior court has no jurisdiction to determine the matter, but that the entire fund should be paid over to the trustee in bankruptcy, for distribution and apportionment by the district court of the United States, after further investigation by that court.   We see no ground for his contention.   The trustee himself presented his claims to the state court and asked its decision thereon.   He alleged that the property belonged to the bankrupt, and thereby presented that matter to that court for determination.   The intervener took issue thereon, and alleged that she was the owner of the fund.   The evidence shows that she is the owner of a part thereof.   In contemplation of law, therefore, the share adjudged to her never belonged to the husband, and neither the bankrupt court nor the trustee in bankruptcy has any jurisdiction over it.   The state court is as competent to determine the question of title to the fund sued for as is the district court of the United States, and its jurisdiction to do the same is at least equal to and concurrent with that of the district court.   We find no error in the judgment appealed from.

The judgment is affirmed, with judgment against the plaintiff for intervener's costs of appeal.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.