[Civ. No. 5125.   First Appellate District, Division One.—February 15, 1926.]

F. P. GRAY, as Trustee in Bankruptcy, etc., Appellant, v. B. PERLIS et al., Respondents.

[1] HUSBAND AND WIFE—BANKRUPTCY OF HUSBAND—CONDUCT OF BUSINESS BY WIFE—FRAUD—EVIDENCE—FINDINGS.—In an action by a trustee in bankruptcy to recover from the wife of the bankrupt certain personal property alleged to have belonged to the bankrupt's estate, and which it is claimed was used by her in operating a ladies' tailoring establishment, the question of whether said business belonged to the wife and was carried on in good faith as her own enterprise, and at her expense and for her benefit, or whether, as charged in the complaint, it was operated by her husband in

her name as a "cloak and screen" for the fraudulent purpose of sequestering the proceeds thereof, was one of fact for the trial court to determine, and the trial court having found upon substantial evidence in favor of the wife on that issue, such finding is conclusive on appeal so far as the matter of the ownership of said business is concerned.

[2] ID.—OWNERSHIP OF BUSINESS BY WIFE—PROCEEDS OF BUSINESS—SEPARATE PROPERTY.—In such action, the ownership of said business having been established in the wife, the proceeds therefrom became her separate estate.

[3] ID. — JOINING OF HUSBAND IN CONDUCT OF BUSINESS — SEPARATE PROPERTY NOT TRANSMUTED.—The fact that the husband contributed his time and skill in the conduct of the business gave him no interest therein nor in the proceeds derived therefrom, nor did it have the effect of transmuting the status of ownership of the business from separate to community property.

[4] ID.—DONATION OF SERVICES BY HUSBAND—ABSENCE OF LIEN OF HUSBAND'S CREDITORS.—Creditors have no lien on a debtor's labor nor any way to compel him to work, and consequently he may legally give his entire time, skill, and industry to his wife in aiding to carry on a business owned by her, and his creditors cannot complain of his doing so, since such a donation of services is not inconsistent with his obligation toward them.

[5] ID.—PROPERTY OBTAINED FROM HUSBAND BY WIFE AND USED IN BUSINESS—LOANS—PROFITS—TITLE TO BUSINESS NOT AFFECTED.—In such action it was of no legal consequence that the husband allowed his wife to use as part of the equipment of said business a few articles of personal property, of insignificant value, belonging to him, where the profits derived from the business cannot be said to be the product of such property, consisting of a sewing-machine and motor belonging to the husband, but were the results of the operation of the entire business which belonged to the wife; and even if the subject of the loan had been money to use in the business, instead of said personal property, it would not have affected the title to the business.

[6] ID.—RELINQUISHMENT OF EARNINGS OF BUSINESS TO WIFE—SEPARATE PROPERTY—COMMUNITY PROPERTY.—In such action, the conclusion of the trial court that the earnings of said business were not community property may also be sustained upon the principle of law that the husband may relinquish to the wife the right to her earnings during marriage without any consideration other than

2.   See 5 Cal. Jur. 300.

4.   Gift of husband's services or labor to wife as fraud on creditors, note, 28 A. L. R. 1048.

their mutual consent, and that thereupon said earnings become her separate estate.

[7] ID.—ASSETS OF BUSINESS—SEPARATE PROPERTY—EVIDENCE—FIND-
INGS.—In such action, the evidence was sufficient to support the contested finding to the effect that the assets of said business were the separate property of the wife.

---

(1) 4 C. J., p. 878, n. 82; 30 C. J., p. 1056, n. 37 New; 31 C. J., p. 162, n. 87.   (2) 31 C. J., p. 34, n. 17.   (3) 31 C. J., p. 77, n. 95 New.   (4) 31 C. J., p. 29, n. 27 New, p. 116, n. 67.   (5) 31 C. J., p. 24, n. 50, p. 77, n. 95 New.   (6) 7 C. J., p. 274, n. 35 New; 31 C. J., p. 73, n. 19, p. 74, n. 43, p. 75, n. 44.   (7) 31 C. J., p. 157, n. 39.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest J. Torregano and Goldman, Nye, Surr & Spicer for Appellant.

Laurenz J. Krueger, John A. Sinclair and Oscar T. Barber for Respondents.

KNIGHT, J.—Plaintiff, as trustee in bankruptcy, brought this action to recover certain personal property, claiming that it belonged to the bankrupt's estate, also to require an accounting, and for damages for alleged conversion. Judgment was given for defendants. Plaintiff appealed.

For several years prior to 1916 respondent B. Perlis was engaged in business on Sutter Street, in San Francisco, as a ladies' tailor, employing some ten persons. In September of that year said business failed and Perlis made an assignment for the benefit of creditors to the board of trade, but was not released by said creditors from payment of his debts. On account of worry caused by the collapse of his business, Perlis became sick and unable to earn a livelihood for himself or his family, and the burden of supporting the family then fell upon Mrs. Perlis. In order to meet this situation, Mrs. Perlis, in October, 1916, applied for and obtained from the superior court a decree of sole tradership and thereupon opened and afterward conducted under her

76 Cal. App.—33

name and management a ladies' tailoring business in premises on Geary Street leased by her for that purpose. The negotiations for the opening of said business were concluded by her. Said business was started with a cash capital of $250 which Mrs. Perlis raised by pawning jewelry which was her separate property. She also used in operating said business, along with the other equipment, a few articles of personal property belonging to her husband. They were of small value and included a sewing-machine and motor. The four members of the Perlis family, consisting of Mrs. Perlis, her husband, and two minor sons (the latter being joined herein as defendants), together with a few other persons, were employed in conducting said business. B. Perlis helped with the cutting and fitting and the selecting and buying of some of the materials. He received no wages, merely his living expenses. The other members of the family were also supported out of the proceeds of the business. On April 5, 1920, B. Perlis was adjudged a voluntary bankrupt. On that date Mrs. Perlis, besides having on hand a stock in trade of the value of about $300, had on deposit in the bank, in her name, the sum of $2,329.72, which represented the net proceeds of said business at the end of three and a half years' operation thereof. She also had on deposit, as trustee, the sum of $970.belonging to her two minor sons.

The amended complaint, which contains four counts, charged in substance that said business was owned and operated by B. Perlis; that "said sole tradership was merely a fraudulent device and blind" carried on by Perlis and his wife in furtherance of a conspiracy entered into between them to defraud the creditors of Perlis; that as a result of said fraudulent acts on their part assets belonging to Perlis amounting to $15,000 have been sequestered and illegally converted by Mrs. Perlis, for which amount judgment was prayed. The trial court found against appellant on all charges of fraud and conspiracy and further found that "all the capital and assets of said ladies' tailor business . . . are, and have, since the establishment of said business . . . been the separate property of Sophia Perlis." Appellant contends "that the facts do not support the finding that *all* the business and assets were separate property," but show that the same were community property, and that, there-

fore, as such trustee he is entitled to recover the same as part of the bankrupt's estate.

[1] The question of whether said business belonged to Mrs. Perlis and was carried on by her in good faith as her own enterprise, and at her expense and for her benefit, or whether, as charged in the complaint, it was operated by her husband in her name as a "cloak and screen" for the fraudulent purpose of sequestering the proceeds thereof, was one of fact for the trial court to determine, and said court having found upon substantial evidence in favor of Mrs. Perlis on that issue, the matter of the ownership of said business is settled so far as this appeal is concerned (*Oldershaw* v. *Matteson & Williamson Mfg. Co.*, 19 Cal. App. 179 [125 Pac. 263]; *Estate of Pepper*, 158 Cal. 619 [31 L. R. A. (N. S.) 1092, 112 Pac. 62]; *Hossfeldt* v. *Dill*, 28 Minn. 469 [10 N. W. 782]; *Knapp* v. *Smith*, 27 N. Y. 227), [2] and the ownership of said business having been thus established in Mrs. Perlis, the proceeds of that business became her separate estate. (*Diefendorff* v. *Hopkins*, 95 Cal. 343 [28 Pac. 265, 30 Pac. 549]; *Estate of Pepper, supra; Smith* v. *Smith*, 47 Cal. App. 650 [191 Pac. 60]; Civ. Code, sec. 162.)

[3] The fact that the husband contributed his time and skill in the conduct of the business gave him no interest in the business nor in the proceeds derived therefrom, nor did it have the effect of transmuting the status of ownership of the business from separate to community property. (*Oldershaw* v. *Matteson & Williamson Mfg. Co., supra; Walsh* v. *Walsh*, 84 Cal. 101 [23 Pac. 1099]; *Lewis* v. *Johns*, 24 Cal. 98 [85 Am. Dec. 49].) [4] Creditors have no lien on a debtor's labor nor any way to compel him to work, and consequently he may legally give his entire time, skill, and industry to his wife in aiding to carry on a business owned by her, and his creditors cannot complain of his doing so, since such a donation of services is not inconsistent with his obligation toward them. (See cases cited in note, 28 A. L. R., p. 1048.) [5] Nor was it of any legal consequence that Perlis allowed his wife to use as part of the equipment of said business a few articles of personal property of insignificant value, belonging to him. (*Walsh* v. *Walsh, supra; Estate of Pepper, supra; Hossfeldt* v. *Dill, supra.*) The profits derived from the business cannot be said to be, as appellant contends, the product of the sewing-machine and

motor belonging to the husband, but were the results of the operation of the entire business which belonged to the wife. Even if the subject of the loan had been money to use in the business instead of the personal property mentioned, it would not have affected the title to the business. (*Estate of Pepper, supra.*)

[6] The conclusion of the trial court that the earnings of said business were not community property may also be sustained upon the principle of law that the husband may relinquish to the wife the right to her earnings during marriage without any consideration other than their mutual consent, and that thereupon said earnings become her separate estate. (*Smith* v. *Smith, supra; Wren* v. *Wren,* 100 Cal. 276 [38 Am. St. Rep. 287, 34 Pac. 775]; *Larson* v. *Larson,* 15 Cal. App. 531 [115 Pac. 340]; *Diefendorff* v. *Hopkins, supra;* Civ. Code, sec. 158.) As stated in *Smith* v. *Smith, supra;* "Such an agreement may be proved by evidence as to the acts and conduct of the husband with relation to the earnings of the wife or business conducted by her as community property indicating that he did not regard them as community property. (*Larson* v. *Larson, supra; Kaltschmidt* v. *Weber,* 145 Cal. 596 [19 Pac. 272].)'' The facts already narrated show in this connection that following her husband's business failure, Mrs. Perlis, through a former attorney, applied for and obtained in good faith a decree of sole tradership in order that she might operate a business of her own and thereby support her family. Proceeding under said decree she procured the necessary money by pawning her separate property to open said business and she thereafter conducted the same under her name and management. Said decree was offered in evidence at the trial of this action by appellant in support of his case; and although said decree was afterward held to be invalid by the trial court because of an error committed in failing to specify in the tradership proceedings the true given name of Mrs. Perlis' husband, said business was nevertheless started and was carried on for a period of three and a half years under the belief that said decree was valid, during which time Perlis, the husband, made no claim to said business or to any part of its profits; nor did he ever indicate that he regarded said business or the earnings of his wife therefrom as community property. We therefore believe that from the acts

and conduct of the parties it was not unreasonable for the trial court to infer that there had been a relinquishment by the husband to his wife of the right to such earnings, and that consequently such earnings became in fact her separate property. (*Kaltschmidt* v. *Weber, supra; Smith* v. *Smith, supra; Diefendorff* v. *Hopkins, supra.*)

[7]   After reviewing the entire record, we conclude that the evidence is sufficient to support said contested finding to the effect that the assets of said premises were the separate property of Mrs. Perlis.   The judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 15, 1926.