F. C. Busche, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 9447, 10202, 10755.   Promulgated March 14, 1928.

*Herman Phleger, Esq.*, and *A. B. Travis, Esq.*, for the petitioner.
*John W. Fisher, Esq.*, for the respondent.

1346

OPINION.

TRUSSELL: Petitioner and his wife, residents of California, filed separate income-tax returns for the taxable years. Respondent has added to the income of petitioner the earnings of his wife which were derived from the bakery they conducted at Oakland, Calif. Respondent offered no evidence in support of his action and relies upon *United States* v. *Robbins*, 269 U. S. 315. The presumption that the earnings are community property is rebuttable, however, and under sections 158, 159, and 160 of the Civil Code of California, husband and wife have the right to alter their legal relations as to property. *Wren* v. *Wren*, 34 Pac. 775; *Kaltschmidt* v. *Weber*, 79 Pac. 272; *Perkins* v. *Sunset Tel. & Tel. Co.*, 103 Pac. 190; *Larson* v. *Larson*, 115 Pac. 342; *Smith* v. *Smith*, 191 Pac. 60; *Gray* v. *Perlis*, 245 Pac. 221; and *Moore* v. *Crandall*, 205 Fed. 689. The record supports the contention of petitioner that such an alteration of their relations did in fact occur. It is in evidence, and uncontroverted, that husband and wife agreed orally to the employment of the wife in the bakery at Oakland previously conducted solely

by the husband, and that the wife's compensation, which was to be one-half of the profits from the Oakland bakery, was to be her own separate property to do with as she chose. The earnings of the wife were large but we entertain no doubt of her experience and capabilities and are satisfied she fully earned what she received. The agreement was strictly observed and the wife enjoyed exclusive and undisturbed control of her earnings. It follows that her earnings were her separate income and property. Cf. *Leon Salomon*, 4 B. T. A. 1109; *Louis Gassner*, 4 B. T. A. 1071; and *Hyman Levine*, 8 B. T. A. 298.

For all of the taxable years the wife of petitioner filed separate returns. In our opinion the earnings of the wife received as compensation for her services to the bakery at Oakland may not be added to the income of the petitioner for the purposes of income tax.

Reviewed by the Board.

> *Judgment will be rendered upon 15 days' notice, under Rule 50.*