[Civ. No. 490.   Fourth Appellate District.—September 30, 1931.]

ARTHUR FULLER, Appellant, v. SUE HARWELL et al., Respondents.

A. L. Sebille for Appellant.

Hickcox & Trude for Respondents.

MARKS, J.—On or about June 13, 1927, plaintiff recovered a judgment against the defendant, T. J. Harwell. On May 9, 1928, an execution was issued and a levy made upon the livestock described in plaintiff's complaint in the action now here on appeal.   The defendant, Sue Harwell,

filed a third party claim against which the plaintiff indemnified the sheriff. Thereupon Mrs. Harwell gave an undertaking pursuant to the provisions of the Code of Civil Procedure and the property was released to her.

This action was subsequently filed and the only issue involved here is whether or not this personal property so released was the separate property of the defendant, Sue Harwell, or the community property of both defendants and therefore subject to the levy of the execution. The trial court found that the property was the separate property of Mrs. Harwell and rendered a judgment in accordance with such finding.

The case comes before us upon a bill of exceptions in which the only specification of error is that the evidence is insufficient to sustain the finding of the trial court that the personal property described in the complaint was not community property of the defendants, but was the separate property of Mrs. Harwell.

There is evidence in the record which discloses that in the year 1924 Mrs. Harwell was given young turkeys by her brother, which turkeys she later sold for about $300. She invested a small portion of this money in hogs, which she sold in a few months for $350. She reinvested a small portion of this money in more hogs in 1925. She was given other young turkeys and young heifer calves. From the profits on these adventures she accumulated additional dairy cows and in June, 1927, had some of the hogs, dairy cows and about $700 in cash. She purchased additional dairy cows for $1700, using the $700 profits from the former transactions and $1,000 which she borrowed from a bank upon her note secured by a chattel mortgage upon the hogs and cows she already possessed and the ones which she was purchasing. There is evidence that the loan was made to her upon the sole security of the livestock described in the mortgage. This evidence is ample and sufficient to support the finding of the trial court that the cattle and hogs were her separate property. (*Estate of Pepper*, 158 Cal. 619 [31 L. R. A. (N. S.) 1092, 112 Pac. 62]; *Tennyson* v. *Beggs*, 176 Cal. 255 [168 Pac. 140]; *Oldershaw* v. *Matteson etc. Co.*, 19 Cal. App. 179 [125 Pac. 263].) While there is some testimony in the record contradicting the foregoing, we are not concerned with conflicts of evidence on this appeal, but are bound by the

conclusions of the trial court when it resolved that conflict against the plaintiff and in favor of the defendants.

The plaintiff further complains that the trial court erred in denying his motion for a new trial and in this connection urges that an order of the trial court striking out certain affidavits filed in support of the motion was erroneous.

One of the grounds of the motion for new trial was newly discovered evidence, in support of which plaintiff filed three affidavits. The bill of exceptions shows that these affidavits were read to the trial court and the motion argued on April 25, 1930, when it was taken under advisement. On April 30, 1930, the motion was denied, and upon motion made by the defendants the affidavits were stricken from the record.

Disregarding the defendants' objection that these affidavits, and the ruling of the trial court striking them from the record, are not properly before this court, we have examined the affidavits and find them insufficient to furnish a ground for granting the motion for new trial because of newly discovered evidence. "It has been held that the application must show affirmatively that the evidence is new, material and not cumulative; that the applicant used due diligence in preparing his case for trial; and that the new evidence was discovered after the trial, and will be important and tend to prove facts which were not directly in issue on the trial, or were not then known or investigated. An affidavit is insufficient if it does not show that the evidence claimed to be newly discovered was discovered since the trial, or in what particular it is material, or what important fact it would tend to establish, or that due diligence was used, or why it could not with reasonable diligence have been discovered and produced at the trial." (20 Cal. Jur. 183.) The record fails to disclose that the evidence was newly discovered or that it was unknown to the plaintiff prior to the trial, and further, that any diligence was used to produce this evidence at the trial, or that it could not, with reasonable diligence, have been produced at the trial. The evidence set forth in the affidavits simply impeaches certain testimony introduced on behalf of the defendants and was cumulative of other evidence of the plaintiff.

The trial court's ruling in denying the motion for new trial was correct and its order striking the affidavits from the record, if erroneous, was not prejudicial to the plaintiff.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.